IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HOWARD COHAN )
 )
    Plaintiff, )
 )
v. )
 )  Case No.
MARRIOTT INTERNATIONAL, INC )
 )
    Defendant. )
 )

**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Howard Cohan, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by Defendant MARRIOTT INTERNATIONAL, INC based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

**PARTIES**

3. Plaintiff is a resident of Palm Beach County, Florida.

4.       Defendant MARRIOTT INTERNATIONAL, INC is a Foreign Profit Corporation with its registered office located at 10400 Fernwood Road, Bethesda, MD, 20817.

5.       Upon information and belief, Defendant MARRIOTT INTERNATIONAL, INC owns or operates "The Westin Atlanta Perimeter North" whose location qualifies as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6.       Plaintiff incorporates the above paragraphs by reference.

7.       Plaintiff is an individual with numerous disabilities, including severe spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, severe spinal stenosis of the cervical spine with nerve root compromise on the right side, a non-union fracture of the left acromion, a labral tear of the left shoulder, a full thickness right rotator cuff tear, a right knee medial meniscal tear, a repaired ACL and bilateral meniscal tear of the left knee and severe basal joint arthritis of the left thumb. These conditions cause sudden onsets of severe pain and substantially limit Plaintiff's ability to perform certain manual tasks, walk, stand, lift, bend, and work. The disabilities and symptoms are permanent.

8.       Plaintiff suffered from these disabilities during his initial visit (and prior to instituting this action) to "The Westin Atlanta Perimeter North."

9.       Plaintiff's disabilities are considered a qualified disability under 28 C.F.R. 36.105.

10.      Plaintiff's condition is degenerative and occasionally requires mobility aids to assist his movement.

11. Plaintiff regularly travels to the Atlanta, Georgia area to visit friends and shop. Most recently, Plaintiff was in the Atlanta, Georgia area in January 2023 and plans to return to the area in April 2023.

12. Plaintiff stays at hotels when he is in the area.

13. Plaintiff does not always stay at the same hotel, but prefers to shop around for the best prices, amenities, location, and ease of access to accommodate his disabilities.

14. Plaintiff regularly experiences barriers to access relating to his disabilities at hotels due to his frequent travels.

15. While many hotels advertise that they have accessible rooms or public areas, Plaintiff still regularly encounters barriers to access.

16. This requires Plaintiff to visit hotels that offer the amenities, pricing, and location he desires prior to booking a stay to ensure that he can access the Facility in a manner equal to non-disabled individuals.

17. Despite advertising that The Westin Atlanta Perimeter North is accessible, Plaintiff encountered barriers to access at the Atlanta Facility, which denied him full and equal access and enjoyment of the services, goods, and amenities when he visited on January 7, 2023.

18. Plaintiff is currently deterred from considering the Facility as an option for lodging on his future planned visits due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

19. Plaintiff is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

20. Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

21. Plaintiff incorporates the above paragraphs by reference.

22. This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facility; and (4) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

23. Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

24. Plaintiff incorporates the above paragraphs by reference.

25. The Atlanta Facility is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a hotel. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

26. Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

27. Architectural barriers exist which deny Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

28. Plaintiff personally encountered architectural barriers on January 7, 2023 at The Westin Atlanta Facility located at 7 Concourse Pkway NE Atlanta GA 30328 that affected his disabilities:

   a. Passenger Drop Off:
      i. Failing to provide a passenger loading zone with an access aisle marked with striping in violation of sections 209, 209.1, 209.4, 503, 503.1, 503.3 and 503.3.3 of the Standards, which requires Plaintiff to park his vehicle further than necessary from the Facility and walk an excessive distance, thereby causing pain in his back, neck and shoulders.
   b. Men's Restroom Lower Level Near Gershwin:
      i. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards, which prevents Plaintiff from safely grasping the operable part and causes strain on Plaintiff's hand and shoulder injuries.
      ii. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards, which causes unnecessary strain on Plaintiff's back and shoulder injuries.
      iii. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of sections

    606 and 606.5 of the Standards, which prevents proper balance and causes Plaintiff difficulty when trying to reach under the sink.

iv. Failing to provide a urinal designed for a person with a disability where the horizontal projection of the urinal is not at a minimum of 13.5 inches in violation of sections 605 and 605.2 of the Standards, which causes Plaintiff difficulty using the urinal due to his back and knee injuries.

v. Providing grab bars of improper horizontal length or spacing as required along the rear wall in violation of sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards, which prevents Plaintiff from using the grab bars for the assistance he needs getting onto and off of the toilet due to his back and knee injuries.

vi. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of sections 604, 604.7 and 309.4 of the Standards, which causes Plaintiff difficulty reaching the toilet paper dispenser and aggravates his rotator cuff injury in his shoulder.

vii. Failing to provide a paper towel dispenser or its operable part at the correct height above the finished floor in violation of sections 606, 606.1 and 308 of the Standards, which aggravates Plaintiff's rotator cuff injury in his shoulder.

viii. Failing to provide the correct opening width for a forward approach into a urinal, stall door or lavatory (sink) in violation of sections 305, 305.7.1, 404, 605.3 and 606.2 of the Standards, which aggravates Plaintiff's back injury by requiring unnecessary turning and maneuvering to use the lavatory.

      ix. Failing to provide an additional accessible toilet compartment complying with section 604.8.2 of the Standards when there are 6 or more water closets or urinals in any combination in violation sections 213, 213.3 and 213.3.1 of the Standards, which requires Plaintiff to utilize a stall that is unsafe and painful for him to use due to his leg, back and shoulder injuries.

  c. Men's Restroom Lobby

      i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards, which aggravates the rotator cuff injury in Plaintiff's shoulder and causes undue strain on his back because the door pressure is too heavy.

      ii. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction that does not comply with sections 404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 of the Standards, which prevents Plaintiff from utilizing the wall for the necessary leverage to open the door.

      iii. Failing to provide the required clear floor space around a water closet without any obstructing or non-essential convenience elements or fixtures placed in this space in violation of sections 4.22.3, 603, 603.2.3, 604, 604.3, 604.3.1, 604.3.2 and 604.8, 604.8.1.1 of the Standards, which makes it unsafe for Plaintiff to maneuver in the water closet due to his back and leg injuries.

7

      iv. Failing to provide a urinal designed for a person with a disability where the horizontal projection of the urinal is not at a minimum of 13.5 inches in violation of sections 605 and 605.2 of the Standards, which causes Plaintiff difficulty using the urinal due to his back and knee injuries.

      v. Failing to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of sections 216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1 of the Standards, which requires Plaintiff to use a restroom that is not safe or walk further than necessary to locate an accessible restroom, which aggravates his leg, knee, and back injuries.

      vi. Failing to provide proper knee clearance for a person with a disability under a counter or sink element in violation of sections 306, 306.1, 306.3, 606 and 606.2 of the Standards, which aggravates Plaintiff's back injury by requiring unnecessary turning and maneuvering to use the counter or sink element.

  d. Unisex Restroom

      i. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards, which causes unnecessary strain on Plaintiff's back and shoulder injuries.

29. These barriers cause Plaintiff difficulty in safely using each element of the Facility because of Plaintiff's impaired mobility and limited range of motion in his arms, shoulders, legs, and hands requiring extra care due to concerns for safety and a fear of aggravating his injuries.

30. Defendant has failed to remove some or all of the barriers and violations at the Facility.

31. Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

32. Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

33. It would be readily achievable for Defendant to remove all of the barriers at the Facility.

34. Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. declare that the Facility identified in this Complaint is in violation of the ADA;

B.declare that the Facility identified in this Complaint is in violation of the 2010 ADA Standards for Accessible Design;

C.enter an Order requiring Defendant make the Facility accessible to and usable by individuals with disabties to the full extent required by Title III of the ADA and the 2010 ADA Standards for Accessible Design;

D.enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

E.award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

F.grant any other such relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Barry Debrow Jr.
**BARRY DEBROW JR.**
Attorney at Law
Strickland Debrow LLP
246 Bullsboro Dr. Suite | A |
Newnan, GA. 30263
Phone: (470) 683-4403
bdebrow@Stricklanddebrow.com
Georgia Bar Number 445097

Dated: February 8, 2023